UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FRANKLIN X BAINES, :
           Petitioner, :
            :
     v. : No. 2:12-cv-05672
            :
LOUIS S. FOLINO, WARDEN; :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA; and :
THE CITY OF PHILADELPHIA, :
           Respondents. :

**O P I N I O N**
Appeal from Order at ECF No. 54, ECF No. 56 - Affirmed
Motion to Lift Stay, ECF Nos. 70-71 – Denied
Miscellaneous motions, ECF Nos. 76, 84 – Denied

**Joseph F. Leeson, Jr.**                                                                                                     February 8, 2019
**United States District Judge**

      Franklin Baines is serving a state sentence of life imprisonment for a murder he committed at the age of sixteen. Accordingly, he has a right to be resentenced in state court. Baines filed a federal habeas petition seeking relief under *Miller*[1] and *Montgomery*,[2] as well as PCRA[3] petition in the state trial court. The instant habeas case was stayed so Baines could exhaust his state-court remedies. Although the trial court has diligently been attempting to resentence Baines, he has delayed that process and wants this Court to lift the stay and rule on his unexhausted claim. Magistrate Judge Carol Sandra Moore Wells denied his request to lift the stay, which is now before the District Court on appeal. For the reasons set forth below, because

---

[1]     *Miller v. Alabama*, 567 U.S. 460, 725 (2012) (holding that a juvenile cannot be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing).
[2]     *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016) (holding that *Miller* announced a substantive rule of constitutional law made retroactive to cases on collateral appeal).
[3]     Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541- 9551, ("PCRA").

Baines's federal habeas claim remains unexhausted despite the state court's attempts to resolve the matter, the Magistrate Judge's decision is affirmed. There is no good cause to excuse Baines's failure to exhaust, and his requests to lift the stay are denied.

## I.     BACKGROUND

When he was sixteen years old, Baines shot a woman twice in the face and then stole her car. He pled guilty to second-degree murder in the Philadelphia County Court of Common Pleas, and was sentenced to a mandatory term of life imprisonment with no possibility of parole.

In 2012, the United States Supreme Court held in *Miller* that mandatory life sentences for juveniles are unconstitutional. Relying on this decision to challenge his sentence, Baines filed a PCRA petition on July 6, 2012, in the state trial court.

On October 4, 2012, Baines filed a successive[4] federal habeas petition pursuant to 28 U.S.C. § 2254, claiming that he was unlawfully induced to plead guilty and that his life sentence has been declared unconstitutional (*Miller* claim). *See* ECF No. 1. The petition was transferred to the Third Circuit Court of Appeals for consideration and authorization for Baines to file a successive petition. *See* ECF No. 3. On October 3, 2013, the Third Circuit Court of Appeals granted Baines leave to bring his *Miller* claim in a successive petition. *See In re Pendleton*, 732 F.3d 280, 283 (3d Cir. 2013) (stressing that its grant is "tentative" and the District Court "must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met"); ECF No. 7.

On January 24, 2014, the action was referred to Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. *See* ECF No. 9. On January 31, 2014, the Magistrate Judge stayed the action pending a decision from the Third Circuit Court of Appeals as to whether

---

[4]     *See, e.g. Baines v. McCullough*, 2:99-cv-03376 (E.D. Pa. filed July 1, 1999).

*Miller* applied retroactively. ECF No. 10 (citing *Songster v. Sec'y, Pa. Dep't of Corr.*, No. 12-3941, slip op. (3d Cir. Nov. 20, 2013)). On January 25, 2016, the United States Supreme Court held that *Miller* is a new rule of substantive law and is therefore retroactive to cases on collateral appeal. *See Montgomery*, 136 S. Ct. at 736.

Baines filed numerous motions in this action, before and after the decision in *Montgomery*, asking the Court to lift the stay and claiming that he has no remedy in state court. *See, e.g.* ECF Nos. 11-12, 20, 25, 35. Counsel for Respondents filed multiple status reports notifying the Court about the progress of Baines's PCRA proceedings in state court, and asking the Court to continue the stay in the instant action. *See, e.g.* ECF Nos. 19,[5] 21.

Baines also filed a petition for writ of mandamus with the Third Circuit Court of Appeals. The circuit court denied Baines's petition for a writ of mandamus on July 27, 2016, because Baines had "not shown that there is an absence of a State remedy in his case such that exhaustion of his *Miller* claim should not be required." *See In re Baines*, 658 F. App'x 159, 161-62 (3d Cir. 2016) (concluding that "Baines has not shown that his pending PCRA petition is not an adequate means to obtain the relief desired").

On January 30, 2017, the Magistrate Judge temporarily lifted the stay and directed Respondents to respond to the habeas petition, to update the Court on the status of Baines's state court proceedings, and to file a memorandum of law addressing why Baines's sentence should not be vacated and he be resentenced. *See* ECF No. 40. On March 24, 2017, after reviewing the

---

[5] In a letter dated February 5, 2016, the District Attorney of Philadelphia advised the Court that there were several hundred prisoners from Philadelphia alone eligible for resentencing after *Miller*, that the state was in the process of identifying those prisoners, and that once the eligible prisoners had been identified, the resentencing process would begin. *See* ECF No. 19. The District Attorney asserted that the prisoners, including Baines, were required to exhaust their administrative remedies, that the PCRA provides an available state remedy, and that the state was "actively designing a streamlined process to identify all eligible defendants, vacate their current sentences, and proceed to a compliant sentencing process." *Id.*

response,[6] the Magistrate Judge determined that Baines's *Miller* claim was proceeding in a timely manner in the state trial court, noting that the Philadelphia District Attorney's Office had conveyed a plea offer to Baines. *See* ECF No. 45. Accordingly, the Magistrate Judge refused to excuse the AEDPA[7] exhaustion requirement and, instead of dismissing the habeas petition as unexhausted, reinstated the stay. *See id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (discussing the exhaustion purposes of the AEDPA and the circumstances where the federal court should stay habeas proceedings pending exhaustion in the state court (citing 28 U.S.C. § 2254 (b), (c))). Thereafter, the Magistrate Judge reviewed and denied several additional motions and letters from Baines to lift the stay.

On November 17, 2017, the Magistrate Judge denied four motions from Baines to lift the stay. *See* ECF No. 54. In deciding to leave the stay in place, the Magistrate Judge concluded that the "state court proceedings are moving forward without undue delay, and there is no reason . . . to dispense with the exhaust requirement." *Id.* The state docket entries reflected that Baines was offered a new sentence of forty years to life on May 9, 2017, that he did not accept the offer and instead returned a counter-offer. *See id.* The Magistrate Judge noted that Baines has been in custody for forty years and therefore would have become eligible for parole immediately upon resentencing. *See id.*

Baines filed a notice of appeal from this decision to the Third Circuit Court of Appeals. *See* ECF No. 58. On March 1, 2018, the Third Circuit Court of Appeals returned Baines's notice

---

[6] Respondents advised the Court that counsel for Baines filed a PCRA petition in 2012 asserting a *Miller* claim, but counsel withdrew a few months later and new counsel was appointed. *See* ECF No. 41. The assigned prosecutor identified a discrepancy in the records as to Baines's birthdate and requested as copy of the same in September 2016. *See id.* Over the following five months, Baines's counsel requested five continuances. *See id.* A copy of Baines's birth certificate was obtained on February 22, 2017, and a plea offer was conveyed to defense counsel, who needed time to discuss the offer with Baines. *See id.*

[7] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

of appeal for lack of appellate jurisdiction. *See* ECF No. 65. The circuit court determined that appeal from the order is to a District Judge. *See id.* (citing 28 U.S.C. § 636). It directed this Court to treat Baines's notice of appeal to the Third Circuit Court of Appeals as an appeal to a District Judge. *See id.*

Baines had also filed a writ of mandamus in the Third Circuit Court of Appeals, which was denied on December 19, 2017. *See* ECF No. 61; *In re Baines*, 720 F. App'x 136, 139 (3d Cir. 2017). The circuit court reasoned that the state proceedings were progressing, noting that "there is an offer of a new sentence by the Commonwealth, which would make Baines immediately eligible for parole." *See id.* at 138-39. The court recognized that Baines was apparently not interested in the offer, but commented that the reason why he did not accept the state's plea offer may have been because Baines was trying to press a claim in state court that his plea was involuntary. *Id.* at 138-39. The court held that "Baines's meritorious *Miller* claim does not entitle him to challenge his guilty plea; rather, he is entitled only to be resentenced," and refused to use the extraordinary remedy of a writ of mandamus. *See id.* The court concluded that the "*Rhines* stay entered by the Magistrate Judge appears appropriate to us in Baines's federal case because state proceedings are moving toward a decision," but ultimately took no position on whether this Court should fashion some relief on review of the Magistrate Judge's November 17, 2017 decision. *Id.* at 139.

Since the matter was returned for the Court's consideration as an appeal, Baines filed additional motions to lift the stay and for summary judgment. *See, e.g.* ECF Nos. 70-71, 76, 84.[8] Pursuant to the Court's request, Respondents recently filed a status report. *See* ECF No. 78

---

[8] Baines has filed many other documents, some docketed as letters or requests, seeking the same relief. *See, e.g.* ECF Nos. 67-68. The Court considers all documents filed since March 1, 2018, for purposes of this Opinion.

(dated December 31, 2018, alleging that the *Miller* claim "has been moving through the state court system as quickly as petitioner's own delaying-causing actions will allow"). The report reflects that since the approximate time of the Magistrate Judge's order in November 2017, Baines filed an additional PCRA claim asserting his actual innocence, causing the resentencing hearing to be placed on hold. *Id.* at 3. On October 25, 2018, the PCRA court filed notice of its intent to dismiss the new claim as time-barred. *See id.* The newly raised guilt-phase claim was dismissed as time-barred on November 27, 2018. *Id.* at 4. Three days later, a new hearing on the *Miller* claim was scheduled for December 14, 2018. *See id.* On that date, the court continued the hearing to January 9, 2019, to allow Baines to participate via video. *See id.* However, on December 18, 2019, Baines filed an appeal from the dismissal of his guilt-phase claim. *See id.* This has again delayed resolution of his *Miller* claim. *See id.* Respondents state that Baines's *Miller* claim "may not be resolved where there is active litigation raising guilt-phase claims." *See id.* They argue that state remedies have not shown themselves to be effectively unavailable, and that any alleged delay is not inordinate; rather, it is largely attributable to Baines's own conduct.

Since the Court of Appeals' last decision, Baines also filed an Application to File a Rule 60(b) Motion in the Third Circuit Court of Appeals, which the court construed as another mandamus petition. *See In re Baines*, No. 18-2828 (3d Cir. filed Sept. 27, 2018). The petition was denied on February 8, 2019. *See id.* The circuit court noted that the status report filed in the above-captioned action on December 31, 2018, stated that Baines's claims are unexhausted and that the delay in resentencing on the *Miller* claim is attributable to Baines's appeal of a time-barred guilt-phase claim, reasoned that the District Court would review Baines's request to lift the stay, and concluded that mandamus relief is not warranted. *See id.*

## II. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, allows United States district judges to assign specified matters to magistrate judges. *See Continental Casualty Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 249 (3d Cir. 1998). Under the first of two types of assignments, a magistrate judge may hear and decide pretrial matters that do not ultimately dispose of the litigation. *See* 28 U.S.C. § 636(b)(1)(A). "The magistrate judge's order is dispositive as to the discrete matter referred to him or her unless the district court takes action to overrule it." *See Continental Casualty Co.*, 150 F.3d at 250. In this type of assignment,[9] a party may appeal the magistrate judge's order to the district court within ten days after being served with a copy of the order. *See id.* "Upon appeal, the district court 'may reconsider any pretrial matter … where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(A)).

## III. ANALYSIS

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "An application for a writ of habeas corpus *shall not* be granted unless that applicant has exhausted state court remedies, or 'there is an absence of available State corrective process;' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *In re Baines*, 720 F. App'x at 138 (emphasis added) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). "[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986).

---

[9] Baines incorrectly suggests that the authority of Magistrate Judge Carol Sandra Moore Wells in this case was limited to issuing reports and recommendations, which is the second type of assignment. *Cf.* 28 U.S.C. § 636(b)(1)(A), *with* 28 U.S.C. § 636(b)(1)(B).

However, even where there has been delay, district courts should "stay their consideration of habeas petitions when previously stalled state proceedings resume." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002); *Bridgeford v. Kauffman*, No. 16-2072, 2017 U.S. Dist. LEXIS 29957, at *5-6 (E.D. Pa. Mar. 1, 2017) (finding no inordinate delay to excuse exhaustion of the PCRA, which had been pending for approximately six years because the state proceedings were advancing normally). Further, if a *Miller* claim is no longer "proceeding" in state court due to the petitioner's decision to pursue guilt-phase claims, a stay is appropriate because once the petitioner has finished serving his or her sentence, PCRA relief must be denied. *See Wilson v. Superintendent Graterford*, No. 18-1790 (3d Cir. Aug. 9, 2018), Ex. B, ECF No. 78 (citing 42 Pa. C.S.A. § 9543; *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (holding that the PCRA is the only means by which a prisoner can challenge his conviction and once he is released the PCRA petition must dismissed)).

In the November 17, 2017 order, Magistrate Judge Carol Sandra Moore Wells, noting that in May 2017 the District Attorney offered Baines a new sentence of forty years to life imprisonment, which would have made him eligible for parole immediately upon resentencing, but that Baines did not accept the offer and made a counter-offer, determined that the "state court proceedings are moving forward without undue delay." *See* ECF No. 54. This Court agrees.[10] Therefore, the Order is not clearly erroneous or contrary to law, and is affirmed.

In his most recent motions, Baines renews his request that the stay be lifted and seeks summary judgment on his habeas petition, citing cases and principles not applicable to review of a petition under 28 U.S.C. § 2254. *See, e.g.* ECF Nos. 70-71. Baines also continues to

---

[10] On December 19, 2017, the Third Circuit Court of Appeals similarly believed that the Magistrate Judge's stay appeared appropriate, and denied mandamus relief. *See In re Baines*, 720 F. App'x at 139. Only today, it again denied a mandamus petition. *See In re Baines*, No. 18-2828 (Opinion filed Feb. 8, 2019).

8
020819

incorrectly assert that he is permitted to challenge the voluntariness of his guilty plea, despite the clear statement by the Third Circuit Court of Appeals that "Baines's meritorious *Miller* claim does not entitle him to challenge his guilty plea; rather, he is entitled only to be resentenced." *In re Baines*, 720 F. App'x at 138-39.[11] It appears that much of Baines's complaints with the expediency and adequacy of the state court's process are due to his misunderstanding of the law, or his refusal to accept it. For example, Baines's suggestion that he does not have to exhaust state court remedies before seeking federal habeas review, *see* ECF No. 76, is simply wrong. *See O'Sullivan*, 526 U.S. at 842. His assertion that he had to file the instant federal habeas petition because the state court failed to rule on his PCRA petition is also unfounded, as the PCRA petition had only been pending for just over two months. Significantly too, both petitions were filed more than three years before the Supreme Court held that *Miller* was retroactive to cases on collateral appeal.

The state court's recent action confirms that Baines's *Miller* claim should be stayed. Less than three months ago, the PCRA court dismissed Baines's newly raised guilt-phase claim as time-barred. A mere three days later, it scheduled a new hearing on the *Miller* claims. Although that hearing was postponed for a few weeks, it was to allow Baines to participate via video. Accordingly, regardless of any alleged delay up until October 2018, the *Miller* claim has been "proceeding" in the state court. *See Cristin*, 281 F.3d at 411. Although it now appears that

---

[11] Even if Baines were correct that he could raise these issues in the state courts, which he is not, he has not been given leave to bring such claims before this Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Rodriguez*, 327 Fed. App'x 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"). Although the circuit court gave Baines permission to file a successive habeas petition raising his *Miller* claim, it did not authorize him to raise any other issues. *See In re Pendleton*, 732 F.3d at 283.

the *Miller* claim will be delayed in light of Baines's decision to appeal the denial of his time-barred guilt-phase claim, any resulting delay is solely attributable to Baines.  Moreover, because Baines may not be able to pursue these claims if he is resentenced now, the stay remains appropriate.  *See Wilson*, No. 18-1790.

## IV. CONCLUSION

Baines's *Miller* claim is unexhausted in the state court.  Because the state PCRA proceedings have been advancing, there is no basis to excuse his failure to exhaust this claim.  The state court acknowledges that it needs to resentence Baines, but is currently unable to do so because of Baines's decision to appeal the dismissal of his time-barred guilt-phase claim.  The Magistrate Judge's order dated November 17, 2017, refusing to lift the stay was not clearly erroneous or contrary to law, and is affirmed.  Further, because the stay is still warranted, Baines's miscellaneous motions and requests to lift the stay are denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge